IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KHARA INC. and GROUND WORKS CO., LTD.,

    Plaintiffs,

    v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Civil Action No.: 1:23-cv-01230

Judge Edmond E. Chang

Magistrate Judge Maria Valdez

**PLAINTIFFS' MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER**

Plaintiffs, KHARA INC. and GROUND WORKS CO., LTD. ("GWC" or "Plaintiffs"), submit the following memorandum establishing that joinder is proper.

**I.    INTRODUCTION**

NEON GENESIS EVANGELION television series and films are provided by Plaintiffs' NEON GENESIS EVANGELION Trademarks. [1] at ¶¶ 4-5. The success of NEON GENESIS EVANGELION has attracted a numerically superior swarm of infringers that now numbers in the thousands.

Defendants here are ten online merchants that sell identical infringing and counterfeit goods. *See* attached Exhibit 1, the Infringement Summary Chart. These infringing listings use the exact same infringing pictures.[1] *Id*. Each product listing has the identical title: "Neon Cyber Genesis Nerv Evangelion Tapestry Boutique Wall Tapestry Aesthetic Home Decoration Peach Tapestry 60x40inch." *Id*. Furthermore, every listing lists the same "Brand: Tubdr."

---

[1] Each listing contains seven images on the left. The evidence for Defendant No. 9 shows the second out of the seven images enlarged, while the other evidences show the first out of the seven images enlarged.

1

## II. THE PRESENT CASE IS DIFFERENT FROM *ESTEE LAUDER*

The facts in this case are different than *Estee Lauder*. *Estee Lauder*, Case No. 19-cv-7878 (N.D. Ill. Jan. 27, 2020). In *Estee Lauder,* this Court found that "not all of the Defendants use the same product image and product descriptions" *Id*. at 11. This Court acknowledged reliance on "unique images, unique word and sentence construction, or the same misspellings or grammar mistakes to infer that the subset of online retailers using those same images or those same descriptions are connected to one another" in the past to establish joinder. *Id*. at 11-12.

Here, all the Defendants use identical infringing images, have the same product title, and under the same brand name. Specifically, each listing contains the exact same seven pictures, and one of them are enlarged as shown in **Exhibit 1**. Additionally, each listing has the identical title: "Neon Cyber Genesis Nerv Evangelion Tapestry Boutique Wall Tapestry Aesthetic Home Decoration Peach Tapestry 60x40inch." *Id*. Each listing even has the same brand name "Tubdr" under the product title.

Following *Estee Lauder,* this Court has allowed joining at least 12 Defendants with similar infringing evidence in *Huang v. Partnerships and unincorporated Associations Identified in Schedule A* Case No. 22-cv-809 (N.D. Ill. Sept. 21, 2022), ECF No. 26. In coming to this ruling this Court reasoned "[i]f certain Defendants use the exact same unique photo (such as one of the photos at R. 18, para. 23), then those Defendants same photo may be joined." Similarly, in this case, since each Defendant used the same photo, these Defendants should be joined in this case.

## IV. CONCLUSION

This Court has the discretion to dictate what message it wants to send to the swarms of infringers. Permitting joinder sends a clear and strong message stating that intellectual property rights are important and will be protected, that infringement of these rights will not be tolerated,

and that consumers will be protected from infringers. This will deter future illegal conducts and reward those that play by the rules of creating valuable brands as well as obtaining and protecting U.S. Trademark Registrations.

Denying joinder signals that intellectual property rights can be infringed with impunity by hiding in a swarm, that trademark laws can be violated without serious consequences, and that consumers should not be protected from infringers. This message should not be sent as it rewards illegal conduct and only encourages future illegal acts.

For the reasons stated above, joinder should be found proper.

Alternatively, should any Defendant appear and object to joinder, Plaintiffs do not object to severing the objecting Defendant into a separate case matter.

DATED: March 13, 2023

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFFS**